# Exhibit 2

| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| CUMBERLAND COUNTY | FILE NO.: 23 CVS 7251 |

FILED 2023 DEC 15 P 3:33
CUMBERLAND CO., C.S.C.
BY _____

SHARON DUKE, )
        Plaintiff, )
        vs. )    **COMPLAINT**
THE TRAVELERS COMPANIES, INC. )
D/B/A THE TRAVELERS INDEMNITY )
COMPANY AND D/B/A TRAVELERS )
PERSONAL INSURANCE COMPANY )
        Defendants. )

Plaintiff, Sharon Duke, complaining of the Defendants says and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is a citizen of and residence of Fayetteville, Cumberland County, North Carolina and at all times herein and alleged was an insured of the Defendant.

2. Defendant, The Travelers Companies, Inc. is an insurance company which is Incorporated in the state of Minnesota, with its headquarters are located in New York City and at all times herein involved was doing business as "The Travelers Indemnity Company" and "Travelers Personal Insurance Company", hereinafter referred to as "Travelers".

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

3. Prior to May 6, 2022, the Plaintiff purchased from Travelers, a Homeowners Policy # 0DNZ8760850561886331, which provided homeowners coverage including both structural and personal property coverage for her home located at 5326 Hampton Road, Fayetteville, North Carolina, 28311.

ANDERSON, JOHNSON,
LAWRENCE & BUTLER,
L.L.P.
PO BOX 53945
FAYETTEVILLE, NC
28305
(910) 483-1171

4. On the evening of May 6, 2022, a severe storm moved through Fayetteville, North Carolina, including the College Lakes Subdivision in which the Plaintiff's home was located with high winds and wind driven rain and hail.

5. The storm caused substantial damage to the roof of the Plaintiff's home and perimeter fencing, and as a further result of the high winds, a broken tree branch penetrated the roof of the Plaintiff's home, causing substantial water intrusion into the interior of her home.

6. In addition to the water intrusion which damaged much of the interior finishes in the home, the penetrating limb created a hazardous situation in one of the bedrooms under which the roof penetration occurred.

7. The Plaintiff's son, Jason, returned to the home and discovered the damage on May 9, 2022, including the holes in the roof, and immediately called Travelers, so that the damage could be addressed by the company.

8. On May 11, 2022, The Plaintiff herself spoke with a Travelers' representative and a claim was opened regarding the damage to her home.

9. On May 11, 2022, the Plaintiff received an email response to her claim from Travelers but did not speak with an adjuster.

10. On May 13, 2022, Plaintiff having still not been contacted by an adjuster to come to the home, emailed the assigned adjuster, Marcella Kirkley, with concerns about the water damage and the fact that no one from Travelers had made arrangements to come and see the damage.

11. The Plaintiff's son had taken emergency measures by placing a tarp on the roof in an attempt to avoid further water intrusion but based upon the coverage provided by

the Travelers policy, the Plaintiff expected the adjuster to contact an appropriate contractor for immediate mitigation and clean up of the water intrusion.

12. On May 15, 2022, Plaintiff received an email response from Kirkley, but there was nothing mentioned about the water or the need for immediate mitigation.

13. On or about July 5, 2022, the Plaintiff received a summary estimate of the loss and a check in the amount of $2,500.00 without any referral or guarantee to cover the cost of the contractor needed to perform mitigation and to make initial repairs.

14. At this same time, around July 15, 2022, the roofing material from the deck and the ceiling joist collapsed as a result of water damage, dropping roofing and ceiling debris onto Plaintiff's bed and the bedroom below the damage, along with a substantial amount of water.

15. On July 13, 2022, the Plaintiff contacted R. Contracting, LLC, to come to her home to evaluate the damage and contract for the necessary repairs.

16. On July 13, 2022, Gary Rogers with R. Contracting, LLC, (hereinafter "Rogers"), went to the Plaintiff's home to assess the damage and necessary repairs and signed initial paperwork for mitigation and repair of the damage, Rogers indicated that this was a preliminary report, as the contractor had not been able to begin removal of damaged areas to perform a complete assessment.

17. On July 15, 2022, Rogers also requested, along with the package he sent to Travelers, an onsite visit with a company representative for Monday July 18, 2022, but no individuals/representatives from Travelers ever replied to this request.

18. On July 19, 2022, R. Contracting started work to mitigate the damage, including removal of damaged sheet rock on walls and ceiling of the most heavily damaged

3

areas, and assessing moisture levels in the home to determine what additional work would be necessary to avoid the spread of mold and mildew within the home and wall spaces.

19. On August 25, 2022, Rogers sent its estimate to the adjuster, Kirkley, but received no reply.

20. On August 29, 2022, Rogers contacted Travelers again and was advised that a supervisor would handle the matter.

21. On September 7, 2022, Rogers sent the summary of the mitigation costs, Contents, damage and repair to the adjuster.

22. On September 8, 2022, Rogers received a reply from the adjuster indicating that he would get to the matter within the next week, and Rogers replied that this was not acceptable as the Plaintiff was being denied the use of her home and there was a risk of further damage resulting from the delay.

23. On September 16, 2022, the Plaintiff and Rogers received an updated estimate from Mike Sommers at Travelers.

24. Without having sent an adjuster or any independent estimator to the Plaintiff's home, Travelers arbitrarily and without justification refused to pay the fair market damage value to the home and the sums required for the contractor to actually complete repair of the Plaintiff's home.

25. The total amount paid to the Plaintiff to date for all of the damages to the Plaintiff's home including the exterior fencing, exterior damage including the roof, and the interior damage, is as follows:

    a. July 15, 2022, $2,500.00;
    b. August 24, 2022, $4,006.15;
    c. September 23, 2022, $12,110.29;
    TOTAL     $18,616.44.

26. R. Contracting, LLC had provided a true and accurate estimate for mitigation and repair of the damage to Plaintiff's home for a total amount of $35,675.42, leaving the balance owed by Travelers under their homeowner's policy the sum of $19,324.32.

27. Travelers, having never sent an adjuster or qualified contractor or estimator to the home for the purpose of discussing the repairs with the homeowner or builder, has failed and refused to pay the $19,324.32 still owed the Plaintiff pursuant to a contract for repairs with R. Contracting LLC.

28. The Defendant Travelers failed to properly adjust the damage to the Plaintiff's home, and failure to pay the amount owed for the necessary repairs of the storm damage constitutes a breach of their contract under Homeowners Policy #0DNZ8760850561886331.

29. The Plaintiff has further incurred special damages in the form of loss of use of her home for an excessive period of time, and the deterioration and loss of fair market value as a result of the delay in providing repairs.

30. Plaintiff is entitled to recover a sum in excess of $25,000.00 against the Defendant Travelers for breach of contract.

## SECOND CLAIM FOR RELIEF
### (N.C.G.S. Chapter 75 – Unfair and Deceptive Practices)

31. The allegations contained in paragraphs 1 through 30 of the Complaint are incorporated herein by reference as if fully set forth.

32. At all times alleged, Defendants were engaged in and affecting commerce as it relates to selling insurance coverage to individuals and businesses in North Carolina, including the Plaintiff in Fayetteville, Cumberland County, North Carolina.

33. In writing insurance policies for homeowners such as the Plaintiff, Defendants were required to follow the guidelines set forth in N.C.G.S. Chapter 58-63-15 regarding proper claims handling and settlement of claims falling under the coverage of their polices.

34. After receiving Plaintiff's notice of storm damage and water intrusion into her home on May 6, 2022, and in addition to breaching its contract of insurance in failing to properly adjust and pay Plaintiff's claim in accordance with industry standards, Defendant Travelers also committed unfair and deceptive acts in violation of N.C.G.S. Chapter 75-1, *et seq.*, and N.C.G.S. Chapter 58-63-15(11) in the following respects:

   a) By failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising under their insurance policy;

   b) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the subject insurance policy;

   c) Refusing to pay the Plaintiff's claim without conducting a reasonable investigation based upon all available information;

   d) By failing to assign an in-house or independent adjuster to visit and fully evaluate the damage to the home in accordance with adjusting requirements;

   e) Not attempting in good faith to effectuate prompt, fair and equitable settlement of the Plaintiff's claim in which liability was not at issue;

   f) Compelling the Plaintiff to institute litigation to recover amounts due under Plaintiff's insurance policy by offering substantially less than the amounts ultimately recovered in this action;

   g) Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled;

   h) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the Plaintiff's claim or for the offer of compromise settlement;

   i) Failed and refused to consider the additional information provided by the Plaintiff through her contractor, R. Contracting LLC related to the roof damage on her home caused by the storm;

   j) By failing and refusing to retain an individual with expertise in the area of storm damage to evaluate the damage to the Plaintiff's home

6

including the amount of roofing material that would be required to be replaced in properly addressing the damage to the Plaintiff's roof;

k) By failing to acknowledge, consider and further evaluate the invoice provided by R. Contracting LLC for both mitigation of damage and repair of Plaintiff's home;

l) For waiting for over two (2) months before providing even emergency payment for mitigation to the Plaintiff's claim despite ongoing water damage;

m) By excessive delay in helping to mitigate the Plaintiff's damages resulting in further water intrusion and damage of the Plaintiff's home.

35. Defendants Travelers' acts in violation of N.C.G.S. Chapter 58-63-15 and in the other respects alleged above, constituted unfair and deceptive practices under N.C.G.S. Chapter 75-1.1, *et seq.* and Plaintiff is entitled to recover against the Defendants for unfair and deceptive practices pursuant to N.C.G.S. Chapter 75-1.1, *et seq.*, including treble damages and reasonable attorney's fees as provided under the statute.

### THIRD CLAIM FOR RELIEF
### (Bad Faith Failure to Settled)

36. The allegations contained in paragraphs 1 through 35 of the Complaint are incorporated herein by reference as if fully set forth.

37. Defendant Travelers willingly, knowingly and with malicious intent, failed and refused to properly adjust the Plaintiff's claim, including knowingly failing to do an adequate investigation of the storm damages, knowingly failing to properly assess the costs for emergency mitigation and repairs of such damages, and intentionally refusing to consider expert opinions and evidence of the storm related damages to Plaintiff's home, and all while failing to assign an independent adjuster or company adjuster to actually view, assess and adjust the damages.

7

38. Defendant Travelers further failed to promptly respond and appraise the damage to the Plaintiff's home initially upon notice of the claim on May 6, 2022, and put the home at risk for further water intrusion and damage.

39. Defendant Travelers arbitrarily and in bad faith, refused to consider the repair estimates of an experienced casualty repair contractor, and refused to send a representative to meet with the contractor to discuss disputed areas despite the refusal to pay same.

40. Defendant Travelers' fraudulent and intentional failure to properly adjust, negotiate and pay the Plaintiff's reasonable claims set forth in this action and provided to Travelers through clear and reliable evidence, constituted bad faith failure to settle for which the Plaintiff is entitled to recover against Defendant Travelers a sum in excess of $25,000.00.

## FOURTH CLAIM FOR RELIEF
### (Punitive Damages)

41. The allegations contained in paragraphs 1 through 39 of the Complaint are incorporated herein by reference as if fully set forth.

42. Defendant Travelers' actions were made with willful, reckless and intentional disregard of its obligations to its insured, and the rights of the Plaintiff, including the payment of coverage to which the Plaintiff was entitled, and Plaintiff has been substantially damaged as a result of Defendant Travelers' willful and wanton acts for which the Plaintiff is entitled to recover against Defendant Travelers a sum in excess of $25,000.00 for punitive damages.

WHEREFORE, the Plaintiff prays the Court for judgment against Defendant Travelers, as follows:

1. A sum in excess of $25,000.00 to be determined at trial, for breach of contract under the provisions of its homeowners insurance policy.

2. A sum in excess of $25,000.00 plus costs and interests incurred, in addition to treble damages and reasonable attorney's fees as provided under N.C.G.S. Chapter 75-1.1 for unfair and deceptive claims handling practices.

3. A sum in excess of $25,000.00 for bad faith refusal to settle under its insurance policy.

4. A sum in excess of $25,000.00 to be determined in the discretion of the jury, for punitive damages.

5. For the cost of this action.

6. For such other and further relief as the Court deems just and proper.

7. A trial by jury is respectfully demanded.

This the 15 day of December, 2023.

ANDERSON, JOHNSON, LAWRENCE
& BUTLER, L.L.P.

By: _____
Steven C. Lawrence
N.C. State Bar No. 12464
109 Broadfoot Avenue
P. O. Box 53945
Fayetteville, N.C. 28305
Telephone: (910) 483-1171
Facsimile: (910) 483-5005
*Attorney for Plaintiff*